IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| TED BALLEW, | ) | 1:23-CV-0001-SPB-RAL |
| | ) | |
| Plaintiff | ) | SUSAN PARADISE BAXTER |
| | ) | United States District Judge |
| v. | ) | |
| | ) | RICHARD A. LANZILLO |
| JANE DOE, et al., | ) | Chief United States Magistrate Judge |
| | ) | |
| Defendants | ) | REPORT AND RECOMMENDATION |
| | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to

prosecute.

II.    Report

A.    Background

Plaintiff Ted Ballew initiated this civil rights action on January 3, 2023, by filing a

motion for leave to proceed in forma pauperis (IFP). ECF No. 1.  In the accompanying

complaint, Plaintiff alleged that an unidentified nurse at the Crawford County Prison, designated

as "Jane Doe," failed to provide him with adequate medical care.  ECF No. 7.  He did not name

any other defendants in his pleading.  *Id.*  On March 29, 2023, the Court granted Plaintiff's IFP

motion and directed the Clerk to docket his Complaint.  ECF No. 5.

Due to Plaintiff's pro se status, the Court permitted him an opportunity to serve limited

discovery on the Warden of the Crawford County Prison for the purpose of attempting to identify

the Doe Defendant and effectuate proper service. *See* ECF No. 6.  The Court also issued an

Order directing PrimeCare Medical, the private entity contracted to provide medical care to inmates at the Crawford County Prison, to provide Plaintiff's medical records to him at his address of record. ECF No. 30. Finally, the Court directed Plaintiff to file an Amended Complaint substituting the name of the Jane Doe nurse as a Defendant on or before May 17, 2024, or to alert the Court if he needed more time or could not determine the identity of the nurse from his medical records. ECF No. 32. Plaintiff failed to respond.

Plaintiff's failure to file an amended pleading prompted the Court to issue another Order on June 3, 2024, directing Plaintiff to show cause for his failure to file an Amended Complaint or otherwise communicate with the Court. ECF No. 34. The Court cautioned Plaintiff that failure to respond would result in a recommendation that this matter be dismissed for failure to prosecute. *Id.* Despite this warning, Plaintiff again failed to respond.

To date, Plaintiff's last action in this case was filing a change of address on February 12, 2024, indicating that he was no longer at the Crawford County Prison. ECF No. 29. None of the Court's orders since that date have prompted a response. Whether Plaintiff's claims have been intentionally abandoned or simply neglected, a final order dismissing this action is warranted.

B. Analysis

The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions;

and 6) the meritoriousness of the claim or defense. *Id.* at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 2019 WL 1783540, at *3 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). In the six months since Plaintiff's last activity on the docket, Plaintiff has failed to respond to Court orders or take any steps to prosecute his claims. Because Plaintiff is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. *See, e.g., Colon v.*

*Karnes*, 2012 WL 383666, at \*3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). In this case, although the adverse party has not yet been served, a third party, the Warden of the Crawford County Prison, has expended a meaningful amount of time in attempting to assist Plaintiff in identifying the name of the Doe Defendant. Plaintiff's "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendant from receiving a timely adjudication of his remaining claims. *See Mack v. United States*, 2019 WL 1302626, at \*1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). This factor also weighs in favor of dismissal.

The same is true of the third *Poulis* factor. Plaintiff has failed to engage with the Court or take any steps in over six months to pursue his claims. This conduct is enough to establish a history of dilatoriness. *See Mack*, 2019 WL 1302626, at \*2 ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Although Plaintiff is solely responsible for maintaining a

current address, it is unclear whether his failure to do so is the result of an intentional abandonment of his claims or simple neglect. Under such circumstances, the Court concludes that this factor is neutral.

The fifth factor addresses the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See*, *e.g.*, *Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. In this case, the viability of Plaintiff's claim was conditioned upon his ability to identify a defendant through discovery and file an amended pleading. His failure to take any further steps in this case may reflect his inability to satisfy this condition. Accordingly, this factor slightly tilts in favor of dismissal.

In summary, the Court finds that five of the six *Poulis* factors heavily weigh in favor of dismissal while one factor is neutral. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

III.    Conclusion

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days.  Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 30th day of August, 2024.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge